UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| COREY P. THOMAS | CIVIL ACTION NO. 16-cv-1593 |
| VERSUS | CHIEF JUDGE HICKS |
| JERRY GOODWIN, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Corey P. Thomas ("Plaintiff") is a self-represented prisoner who filed this complaint against officials at the David Wade Correctional Center ("DWCC"). He alleges that he was subject to physical abuse and that Warden Jerry Goodwin, Captain Johnny White, Sgt. Tony Sepulvado, and Colonel Scott Cantrell are liable to him for violation of civil rights. Defendants responded to the complaint with a Motion to Dismiss pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) (Doc. 22). The motion argues that the complaint should be dismissed because Plaintiff did not exhaust his administrative remedies before filing it. Plaintiff has not filed any opposition to the motion. For the reasons that follow, it is recommended that the motion be treated as one for summary judgment and granted.

**The Complaint**

Plaintiff alleges in his complaint that he entered DWCC in December 2015 as a transferee from the Elayn Hunt Correctional Center. He was asked to bend over and open his anus. He alleges that he complied and then heard Captain White ask, "What was that?"

Plaintiff alleges that he said nothing. Captain White apparently thought that Plaintiff was hiding contraband and allegedly told Sgt. Sepulvado to grab Plaintiff.

Plaintiff alleges he was forced to the ground on his stomach, and White and Sepulvado "grabbed and inserted fingers in my anus, only to retrieve tissue paper, a piece of tissue paper that was left behind due to an earlier bowel movement." Plaintiff alleges that afterwards his anus was bleeding, he was denied medical attention, and he was "written up for dirty urine." He alleges that an officer later threatened that he drop a related ARP grievance "or get locked up." Plaintiff prays for $10,000,000 in damages, and he wants the defendants to be "fired and brought up on charges."

The complaint forms issued by this court, consistent with law discussed below, no longer direct prisoners to allege exhaustion at the pleading stage. Old complaint forms that do include questions about exhaustion are, however, still in circulation at some prisons and jails. Plaintiff filed this action on an old form.

He checked boxes to indicate that (1) there was a grievance procedure available at the institution and (2) he presented facts related to his complaint in a grievance. He was asked to provide the grievance number. Plaintiff wrote that he had misplaced the papers and that the facility would not provide him copies. When asked what steps he took, he wrote, "I told a colonel, written a ARP, then I contacted PREA." (The PREA reference presumably refers to an authority associated with the Prison Rape Elimination Act.) The form asked for the results. Plaintiff wrote, "inconclusive, no investigation, threats, assaults, verbal abuse."

**Analysis**

    **A.  The Exhaustion Requirement**

Defendants argue that Plaintiff's complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit.  The defense is based on the provision in 42 U.S.C. § 1997e(a) enacted by the Prison Litigation Reform Act ("PLRA").  It provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The statute applies to actions that allege the use of excessive force or denial of medical care.  Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006).  The grievance procedure for state prisoners is set forth in Louisiana Administrative Code, Title 22, Part I, § 325.  It allows an inmate to commence the grievance process by writing a letter or filing a grievance with the warden that sets out the basis for the prisoner's claim and the relief he seeks.  A grievance may be accepted (and addressed on the merits) or rejected for various procedural reasons.  If the grievance is accepted, it is first ruled upon by the warden or his designee.  An inmate who is dissatisfied with the first step response may appeal to the Secretary of the Department of Public Safety and Corrections, who issues the final decision.  A prisoner who is not satisfied with that final response may file suit in a district court.

### B. Exhaustion is Not Jurisdictional

Defendants argue that the complaint does not allege facts that show proper exhaustion, and they contend that this means the court lacks subject-matter jurisdiction and can dismiss pursuant to F.R.C.P. 12(b)(1). The jurisdictional attack is off the mark because "a prisoner's failure to exhaust administrative remedies does not deprive courts of subject-matter jurisdiction in suits covered by the PLRA." Dillon v. Rogers, 596 F.3d 260, 271 (5th Cir. 2010), citing Woodford, 126 S.Ct. at 2392 ("The PLRA exhaustion requirement is not jurisdictional").

### C. Rule 12(b)(6) Does Not Allow Dismissal

Defendants' other argument is that the court should dismiss the complaint for failure to state a claim on which relief may be granted because Plaintiff did not affirmatively plead proper exhaustion. Rule 12(b)(6) is not a proper grounds to attack the complaint. The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S.Ct. 910, 921 (2007). That is why the court's current complaint form distributed to prisoners does not require them to affirmatively allege exhaustion, and it is why the court no longer screens the complaints sua sponte for pre-suit exhaustion. That is no longer allowed. Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007). Accordingly, dismissal for failure to state a claim on which relief may be granted is not warranted.

### D. Summary Judgment

"Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." Dillon, 596 F.3d at 266.  This court has noted in prior decisions that the exhaustion defense is best presented by a motion for summary judgment that is supported by an affidavit from the official who administers the ARP system.  That official should testify about the existence and terms of the ARP plan in place at the relevant time, attach certified copies of any filing that the prisoner did make (together with responses thereto), or certify that a diligent check of the record revealed no filing by the prisoner with respect to the claims at issue.  Dupry v. Gehrig, 2009 WL 2579055, *2 (W.D. La. 2009); Fitch v. La. Dept. of Public Safety, 2009 WL 1076749 (W.D. La. 2009).

Defendants in this case did not present an affidavit, but they did attach to their motion a copy of a grievance filed by Plaintiff in connection with his intake in December 2015.  Plaintiff wrote in that grievance that he was wrongfully accused of having "dirty urine" even though he had not used drugs for over a year.  Plaintiff argued that the officer should not have written him up for the drug screen and that he deserved a retest "because I have not been doing drugs lately."

The grievance was rejected because disciplinary matters are not appealable through the ARP process; those issues are addressed through a separate disciplinary board proceeding.  Defendants have not offered affidavit testimony or other evidence that denies the existence of any other grievances, but counsel represents in his memorandum that

Plaintiff did not file a grievance against these defendants based on the facts that form the basis of this suit.

Defendants' submission offers the bare minimum in support of the exhaustion defense. Nonetheless, considering Plaintiff's lack of opposition, the court will elect to treat the motion to dismiss as one for summary judgment and view the extra-pleading evidence.[1] That evidence shows that Plaintiff did file a grievance, but it did not mention the cavity search and alleged lack of medical care that form the basis of this suit. A grievance must provide administrators with a "fair opportunity under the circumstances to address the problem that will later form the basis of the suit." Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004). Plaintiff's grievance about his drug test results did not provide that opportunity.

It is recommended that the court find, based on the current submissions, that Defendants have presented a factual basis for their defense of failure to exhaust administrative remedies. The 14-day opportunity for objections that follows this recommendation will provide Plaintiff adequate notice of the conversion of the motion and afford him a reasonable opportunity to respond with his own competent summary judgment evidence regarding exhaustion. See Fed. R. Civ. Pro. 56(f) (opponent must have "a reasonable time to respond" to a motion for summary judgment).

---

[1] When a court considers evidence outside of the pleadings, it should convert the motion to dismiss to a motion for summary judgment. Galvan v. Calhoun Cty., __ Fed. Appx. __, 2018 WL 832924, *3 (5th Cir. 2018). Conversion is appropriate when the nonmovant has adequate notice that the court may consider matters outside of the pleadings. Id.

E. **Dismissal With or Without Prejudice**

Assuming summary judgment is granted, the next question is whether the complaint should be dismissed with or without prejudice to refiling in forma pauperis. The filing of unexhausted complaints post-Jones places more burden than before on the taxpayers who fund state institutions and the federal courts. The court may no longer dismiss the unexhausted complaints prior to service by the Marshal and, at a minimum, motion practice such as this offered by taxpayer-funded attorneys for prison officials. These burdens make it more important now than ever to discourage the premature filing of unexhausted prisoner complaints, and dismissal with prejudice to another IFP filing serves that interest and will encourage prisoners to obey the mandate to exhaust administrative remedies before filing suit. See Fitch, 2009 WL 1076749, *3.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 22)** be treated as a motion for summary judgment and **granted** by dismissing all claims against all Defendants with prejudice for failure to exhaust administrative remedies before filing suit.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2018.

*Mark L. Hornsby*
*U.S. Magistrate Judge*